## Case No. 1,442.

### BISPHAM v. POLLOCK.

[1 McLean, 411.][1]

Circuit Court, D. Indiana. May Term, 1839.

INTEREST—CUSTOM AND USAGE.

1. It being the custom in Philadelphia to sell [certain kinds of] merchandise on a credit of

---

six months, and from that time to charge interest until payment, the jury may give interest after six months, as a part of the damages.

[See Barrow v. Reab, 9 How. (50 U. S.) 366; Killingly v. Taylor, Case No. 7,766.]

2. An open account does not carry interest, but it may be given where, under the circumstances of the case, the jury think the plaintiff is entitled to it.

[At law. Samuel Bispham against James T. and Samuel Pollock upon an account. Judgment for plaintiff.]

Fletcher & Butler appeared for the plaintiff, and the defendants being in default, a judgment by default was entered, and a writ of inquiry of damages was awarded.

OPINION OF THE COURT. An open account was given in evidence, which was proved to have been presented to and admitted by, one of the defendants, they being in partnership. The account was for merchandize sold in Philadelphia, and the plaintiff proved that it was the custom in that place to sell such merchandize on a credit of six months, and to charge interest on the account, after six months; and the court instructed the jury that if they were satisfied it was the custom as represented, to sell on a credit of six months, and then charge interest, that they might presume, if the facts proved warrant it, that the defendants had notice of such custom, and might in the exercise of their discretion, be made to pay interest on the account, after six months. That an open account does not draw interest; but where there has been a delay of payment, in violation of the contract, the party failing should, in justice, be made to pay interest, as a part of the damages assessed by the jury. Interest is given by statute, and does not depend upon any principle of the common law. And although no interest be given by the statute on an open account, yet it may well be included in the verdict of the jury as a part of the damages, which, under the circumstances of the case, the plaintiff has a right to recover.

A verdict was rendered, including interest, after the expiration of the credit, and a judgment was entered on the verdict.